UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES C. ROSHIRT,

        Plaintiff,

vs.                         CASE NO. 05-CV-72358-DT
                           HONORABLE BERNARD A. FRIEDMAN
                           CHIEF UNITED STATES DISTRICT JUDGE
CITY OF BIRMINGHAM
POLICE DEPARTMENT, et. al.

        Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff is an inmate currently confined at the Oakland County Jail in Pontiac, Michigan.  On September 1, 2005, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a signed certification of his prison trust account from an authorized jail official and a current computerized trust fund account showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months.  Alternatively, the order allowed plaintiff to pay the two hundred and fifty ($ 250.00) dollar filing fee in full.  Plaintiff was given thirty days to comply with the order.  To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information.

To comply with the mandates of the Prison Litigation Reform Act of 1995 (PLRA), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), this District requires a

1

prisoner who fails to prepay the fee for a civil rights complaint to file an application to proceed without prepayment of fees and costs and a written authorization to withdraw funds from his or her trust fund account. *See* Administrative Order No. 96-AO-078 (E.D. Mich. November 12, 1996). The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

Under the PLRA, when an inmate seeks *in forma pauperis* status, the only issue is whether the inmate pays the entire filing fee at the initiation of the proceeding or over a period of time under an installment plan; prisoners are no longer entitled to a waiver of costs and fees. *McGore,* 114 F. 3d at 604. If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *Id.* at 605. If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id; See also Davis v. United States,* 73 Fed. Appx. 804, 805 (6th Cir. 2003). Thus, the failure of a prisoner to comply with a court order directing a prisoner to file a six month prison account statement and a form authorizing the prison to assess and deduct money from the litigant's prison account will result in dismissal of the complaint for failure to pay certain fees. *Madden v. Myers*, 102 F. 3d 74, 78, fn. 6 (3rd Cir. 1996); *See also In Re*

*Smith*, 114 F. 3d 1247, 1251 (D.C. Cir. 1997)(failure of prisoner to comply with the requirements under the PLRA by submitting prison account statements to the court may result in dismissal).

In this case, dismissal of plaintiff's § 1983 action for want of prosecution, based on his failure to comply with the deficiency order, is appropriate, in light of the fact that Magistrate Judge Whalen's deficiency order clearly identified the documentation that plaintiff had to submit to apply to proceed *in forma pauperis* and expressly warned him that failure to comply with the order would result in dismissal of case for want of prosecution. *See Erby v. Kula*, 113 Fed.Appx. 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.  Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

_____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
UNITED STATES DISTRICT COURT

DATED: October 13, 2005

3